UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

NELSON DOMINIQUE BRYANT,

Defendant.

Crim. A. No. 25-97 (JDB)

**ORDER**

Before the Court is [9] the government's motion for review of Magistrate Judge Faruqui's pretrial release order. See 18 U.S.C. § 3145(a)(1). The Court "reviews a magistrate judge's release or detention order de novo . . . without any deference to the magistrate judge's findings." United States v. Chrestman, 525 F. Supp. 3d 14, 24–25 (D.D.C. 2021). Although it is a close question, the Court will deny the government's motion.

The Bail Reform Act ("BRA") "limit[s] pretrial detention of persons who are presumed innocent to a subset of defendants charged with crimes that are 'the most serious' compared to other federal offenses." United States v. Singleton, 182 F.3d 7, 13 (D.C. Cir. 1999) (quoting United States v. Salerno, 481 U.S. 739, 747 (1987)). The Act mandates that, upon a motion by the government, the Court hold a hearing if a case involves, inter alia, "any felony . . . that involves the possession or use of a firearm." § 3142(f)(1)(E). That hearing was held today.

Here, Bryant is charged with unlawful possession of a firearm and ammunition by a person previously convicted of a felony. Indictment [ECF No. 1]; 18 U.S.C. § 922(g)(1). So the Court asks whether "no condition or combination of conditions will reasonably assure the appearance of

[Bryant] as required and the safety of any other person and the community," § 3142(e)(1), by assessing the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. § 3142(g).

The nature and circumstances of the offense charged do not strongly show that Bryant is a flight risk or a danger the community. While § 922(g)(1) involves firearms, courts have recognized that it is not a crime of violence under the BRA. See generally, e.g., United States v. Gloster, 969 F. Supp. 92 (D.D.C. 1997). Additionally, the government alleges only that Bryant possessed—not that he used—the firearm at issue. See Mem. Supp. Mot. Pretrial Detention [ECF No. 6] ("Mem. Supp.") at 2–3. The Court acknowledges the inherent danger that a loaded firearm presents but finds that the allegations here do not weigh heavily in favor of pretrial detention.

The weight of the evidence against Bryant slightly favors pretrial detention. The government proffers that an unidentified individual informed officers that a man fitting Bryant's description had a firearm, and that when officers approached Bryant, Bryant passed a firearm to a third party—a third party who then dropped the firearm and fled. Mem. Supp. at 2–3. These allegations have support. As the government explains, an officer present at Bryant's arrest has already twice sworn—once last year and once in the past month—that he saw Bryant pass a firearm to the third party before the third party dropped the firearm and fled. The government intends for that officer to testify at trial. For his part, Bryant contends that he did not pass the firearm, but rather the third party possessed the firearm from the start. Mem. Opp. Pretrial Detention [ECF No. 7] ("Opp'n") at 5. However, the only evidence Bryant points to is inconclusive body worn camera footage. Indeed, that footage is not inconsistent with the government's proffer. In short,

while Bryant's possession of the firearm is surely in dispute, at this time the evidence favors the government.

Bryant's history and characteristics lean somewhat in favor of release. To start, the Court recognizes that Bryant has a relatively extensive criminal history, including felonies. Pretrial Servs. Rep. [ECF No. 4] at 3–4. This is an obvious concern. But the most recent conviction was for illegal possession of a firearm—a nonviolent offense—and the charged conduct occurred over nine years ago. Id. at 4. Plus, Bryant's current situation evinces close community ties. He is a lifelong resident of the area; had a job before he was detained last year, to which he plans to return; has a one-year-old daughter with his girlfriend; and has a supportive brother and sister-in-law. Opp'n at 6–7. Indeed, Bryant's brother—a D.C. firefighter—and sister-in-law have agreed to allow Bryant to live with them while he is on home detention, and Bryant's girlfriend has agreed to stay with Bryant any time his family is unavailable. See id. Last June, Bryant was charged in D.C. Superior Court for the same underlying conduct as here, and the Superior Court released him pretrial. See id. For the three months he was released, he lived with his brother and sister-in-law and Pretrial Services reported no violations of his release conditions. Id.; Pretrial Servs. Rep. at 3.[1]

Finally, the nature and seriousness of the danger that would be posed by Bryant's release also leans slightly against pretrial detention. The government highlights that Bryant was arrested for homicide last September. Mem. Supp. at 10–11. However, that charge was not prosecuted; in fact, the government recently dismissed it. Considering our judicial system assumes innocence before proof of guilt, the Court gives little weight to this charge. Furthermore, the Court's analysis

---

[1] Despite Pretrial Service's report, the government asserts that two photographs found on Bryant's cell phone after his arrest show that he did violate his release conditions by possessing firearms during this three-month period. The Court determines that these photographs alone do not establish Bryant in fact violated his release conditions.

is here "forward-looking," United States v. Hale-Cusanelli, 3 F.4th 449, 456 (D.C. Cir. 2021), and the government does not establish that the conditions of release that Magistrate Judge Faruqui has imposed—including home detention with Bryant's brother as custodian—would not reasonably ensure Bryant's compliance with the law and appearance in court.

In sum, the Court finds that factors one, three, and four slightly favor release, while the second factor slightly favors detention. The second factor does not outweigh the other three. The BRA gives the government the burden of establishing Bryant must be detained pretrial, but at this juncture, the government has only shown one factor slightly favors detention. In contrast, the other factors, although not airtight, indicate that the conditions imposed by Judge Faruqui will "reasonably assure the appearance of [Bryant] as required and the safety of any other person and the community." § 3142(e)(1). Hence, the Court concludes release—which is the default under the BRA framework—is appropriate.

For the foregoing reasons, it is hereby **ORDERED** that the government's motion for review of release is **DENIED**. It is further **ORDERED** that Bryant shall be released pretrial pursuant to [10] the conditions imposed by Magistrate Judge Faruqui.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: April 16, 2025